RECEIVED
BY MAIL

JUN 1 4 2021

CLERK, U.S. DISTRICT COURT
ST. PAUL, MN

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| OKWUCHUKWU EMMANUEL JIDOEFOR | } | |
| Plaintiff(s), | } | Court File No.   21-cv-1405 DWF/TNL |
| v. | } | **COMPLAINT** |
| UNITED STATES OF AMERICA; LOUIS STEPHENS (In her individual and official capacities); CURT CHAPA (In his individual and official capacities); LAWRENCE PROPES (In his individual and official capacities); RANDALL FLINT (In his individual and official capacities); LOUIS BEAUCHANE (In his individual and official capacities); TIM OLSON (In his individual and; official capacities); JOE SCARGRILL (In his individual and official capacities); PAUL GUSTAFSON (In his individual and official capacities); MIKE OLSON (In his individual and official capacities); JAMES P SHOUP (In his individual and official capacities); KELLY JACKSON (In her individual and official capacities); JONATHAN J FERRIS (In his individual and official capacities); DAVID LINDMAN (In his individual and official capacities); MICHAEL FEINBERG (In his individual and official capacities); SHARON DOOLEY (In her individual and official capacities); DENISE GEAREY (In his individual and official capacities); NICOLE L. MOONEY (In her individual and official capacities) | } | **JURY TRIAL DEMANDED** **28 U.S.C. § 1343** **42 U.S.C. § 1983** |
| Defendant(s), | } | |

**JURY TRIAL DEMANDED**
**COMPLAINT FOR MONEY DAMAGES AND INJUNCTION**

### I. INTRODUCTORY STATEMENT

1. Plaintiffs Injuries sustained are a Proximate and direct result of the the practices, actions,

1

SCANNED
JUN 1 4 2021
U.S. DISTRICT COURT ST. PAUL

omissions, negligent and wrongful acts of the Defendant and its officers and employees of its various Federal Agencies. Plaintiff brings this action under the Federal Tort Claims Act (FTCA) to redress the violations by defendants, acting under the color of Federal Law.

2.  This action also states common law battery, negligence, and negligent infliction of emotional distress claims pursuant to Minn. Stat. 466.02 against Defendant's.

3.  This is a Federal Tort Claim involving the policies, practices, actions, omissions, negligent and wrongful acts of Defendant and the Officers and Employees of various Federal Agencies of the United States. Plaintiff brings this action for Compensatory, Nominal, declaratory, injunctive, and other equitable relief as the Court may see just.

## II. JURISDICTION

4.  This Court has jurisdiction of this action under Federal Tort Claims Act (FTCA) (28 USCS § 2671 et seq.) this being an action to redress the Plaintiff's tortious Injuries suffered as a result of practices, actions, omissions, negligent and wrongful acts of the Defendant through its officers and employees of its various Federal Agencies, under color of Federal law.

5.  This court has jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1343 (civil rights jurisdiction), 28 U.S.C. § 1651 (all writs act),, 28 U.S.C. § 2201 (declaratory judgment), and 42 U.S.C. §§ 1983, 1988. Supplemental jurisdiction over state claims is appropriate as the events in question "derive from a common nucleus of operative fact." 28 U.S.C. § 1367;  *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 725 (1966).

6.  This Court also has jurisdiction of this action under The Federal Tort Claims Act (FTCA), 28 USCS § 1346(b), this being an action to recover damages and to secure declaratory, injunctive, and other equitable relief under as a result of practices, actions, omissions, negligent and wrongful acts of the Defendant through its officers and employees of its various Federal

2

Agencies, under color of Federal law.

7.  This Court also has jurisdiction of this action under 28 U.S.C. § 1343(4), since this is an action
    to secure declaratory, injunctive, and other equitable relief under Acts of Congress providing for
    the protection of civil rights, specifically the Civil Rights Act, 42 U.S.C. § 1983.

### III. VENUE

8.  The District of Minnesota is an appropriate venue under 28 U.S.C. § 1391(b)(2) because all of,
    or a substantial part of, the events or omissions giving rise to the claims herein occurred in this
    district.

### IV. PARTIES

### Plaintiff: Okwuchukwu E. Jidoefor

9.  Plaintiff Okwuchukwu E. Jidoefor was at all times relevant to this action a resident of the State
    of Minnesota and is currently detained at the Sherburne County Jail, which is located in the
    County of Sherburne, situated in the city of Elk River, in the State of Minnesota.

10. Plaintiff in this complaint brings this action In Propria Persona Sui Juris, and is not represented
    by counsel.

### Defendant: United States

11. Defendant United States in its capacity as a Federal Government, has implemented, executed
    and adopted the policies, practices, acts, and omissions complained of herein through formal
    adoption or pursuant to governmental custom. The policies, practices, acts, omissions, neglect,
    and wrongful acts complained of herein are customs and usages of various Federal Agencies of
    the United States.

3

12. The United States is liable for personal injuries caused by negligent or wrongful acts or omissions of its employees of government, by and through the various Agencies The United States Secret Services, U.S. Postal Service Inspections Division (USPIS), Internal Revenue Service (IRS), and U.S. Citizenship and Immigration Services (USCIS), listed herein.

13. The United States, by and through its various employees and agencies has actual or constructive knowledge of the negligence or wrongful acts or omissions of any employee of the Government complained of herein. All of the policies, practices, acts, omissions, negligence or wrongful acts alleged herein are intentional  policies, practices, acts, omissions, negligence or wrongful acts by the Defendant.

14. At all relevant times and events described herein, defendant has acted by and through its various Federal Employees and Agencies to cause the injuries to the Plaintiff complained of herein.


**Defendant(s): U.S. Secret Service Agent(s): Louis Stephens, Curt Chapa, Lawrence Propes, Randall Flint, Louis Beauchane, Tim Olson, Joe Scargrill, Paul Gustafson, Mike Olson, David Lindman, and Michael Feinberg**

15. Plaintiff is informed, believes, and thereupon avers that Agents Louis Stephens, Curt Chapa, Lawrence Propes, Randall Flint, Louis Beauchane, Tim Olson, Joe Scargrill, Paul Gustafson, Mike Olson, David Lindman, and Michael Feinberg were agents, servants, and employees of Defendant United States and/or United States Secret Service at all times relevant to this Complaint.

16. Defendants Louis Stephens, Curt Chapa, Lawrence Propes, Randall Flint, Louis Beauchane, Tim Olson, Joe Scargrill, Paul Gustafson, Mike Olson, David Lindman, and Michael Feinberg are sued both in their individual and official capacity.

17. For purposes of Plaintiff's claims under 42 U.S.C. § 1983, Defendants Louis Stephens, Curt Chapa, Lawrence Propes, Randall Flint, Louis Beauchane, Tim Olson, Joe Scargrill, Paul

Gustafson, Mike Olson, David Lindman, and Michael Feinberg are sued in their *Individual* capacity. Plaintiff also faults Defendants Louis Stephens, Curt Chapa, Lawrence Propes, Randall Flint, Louis Beauchane, Tim Olson, Joe Scargrill, Paul Gustafson, Mike Olson, David Lindman, and Michael Feinberg for the actions performed in their *official* capacity, these harms are imputed to the United States and need not be realleged.

18. For purposes of Plaintiff's claims under 42 U.S.C. § 1983 and 28 U.S.C. § 1346 against the United States, Defendants Louis Stephens, Curt Chapa, Lawrence Propes, Randall Flint, Louis Beauchane, Tim Olson, Joe Scargrill, Paul Gustafson, Mike Olson, David Lindman, and Michael Feinberg are sued in their *official* capacity.

19. Plaintiff is informed, believes and thereupon avers that Defendants Louis Stephens, Curt Chapa, Lawrence Propes, Randall Flint, Louis Beauchane, Tim Olson, Joe Scargrill, Paul Gustafson, Mike Olson, David Lindman, and Michael Feinberg in addition to the other named Defendants, are factually and proximately responsible for the damages and injuries alleged herein.

20. Plaintiff is informed, believes, and thereupon alleges that, at all times relevant hereto, Defendants Louis Stephens, Curt Chapa, Lawrence Propes, Randall Flint, Louis Beauchane, Tim Olson, Joe Scargrill, Paul Gustafson, Mike Olson, David Lindman, and Michael Feinberg were agents servants, and employees of Defendant United States and/or U.S. Secret Service and were acting at all times within the scope of their agency and employment and with the knowledge and consent of their principal and employer.

21. At all times relevant, Defendants Louis Stephens, Curt Chapa, Lawrence Propes, Randall Flint, Louis Beauchane, Tim Olson, Joe Scargrill, Paul Gustafson, Mike Olson, David Lindman, and Michael Feinberg were acting under color of Federal Law.

22. Defendants U.S. Secret Service Agent(s): Louis Stephens, Curt Chapa, Lawrence Propes, Randall Flint, Louis Beauchane, Tim Olson, Joe Scargrill, Paul Gustafson, Mike Olson, David

Lindman, and Michael Feinberg are herein referred collectively as Agents of the U.S. Secret Services.

### Defendant(s): Internal Revenue Service (I.R.S.) Agent(s): James P. Shoup and Kelly Jackson

23. Plaintiff is informed, believes, and thereupon avers that Agents James P. Shoup and Kelly Jackson were agents, servants, and employees of Defendant United States and/or Internal Revenue Service at all times relevant to this Complaint.

24. Defendants James P. Shoup and Kelly Jackson are sued both in their individual and official capacity.

25. For purposes of Plaintiff's claims under 42 U.S.C. § 1983, Defendants James P. Shoup and Kelly Jackson are sued in their *Individual* capacity. Plaintiff also faults Defendants James P. Shoup and Kelly Jackson for the actions performed in their *official* capacity, these harms are imputed to the United States and need not be re-alleged.

26. For purposes of Plaintiff's claims under 42 U.S.C. § 1983 and 28 U.S.C. § 1346 against the United States, Defendants James P. Shoup and Kelly Jackson are sued in their *official* capacity.

27. Plaintiff is informed, believes and thereupon avers that Defendants James P. Shoup and Kelly Jackson in addition to the other named Defendants, are factually and proximately responsible for the damages and injuries alleged herein.

28. Plaintiff is informed, believes, and thereupon alleges that, at all times relevant hereto, Defendants James P. Shoup and Kelly Jackson were agents servants, and employees of Defendant United States and/or Internal Revenue Service and were acting at all times within the scope of their agency and employment and with the knowledge and consent of their principal and employer.

29. At all times relevant, Defendants James P. Shoup and Kelly Jackson were acting under color of

Federal Law.

30. Defendants Internal Revenue Service (I.R.S.) Agent(s): James P. Shoup and Kelly Jackson are herein collectively referred to as I.R.S. Agents.

**Defendant: United States Postal Inspection Services (USPIS) Agent Jonathan J. Ferris**

31. Plaintiff is informed, believes, and thereupon avers that Agents Jonathan J. Ferris was the agent, servant, and employee of Defendant United States and/or United States Postal Inspection Services (USPIS) at all times relevant to this Complaint.

32. Defendants Jonathan J. Ferris is sued both in his individual and official capacity.

33. For purposes of Plaintiff's claims under 42 U.S.C. § 1983, Defendant Jonathan J. Ferris is sued in his *Individual* capacity. Plaintiff also faults Defendant Jonathan J. Ferris for the actions performed in his *official* capacity, these harms are imputed to the United States and need not be re-alleged.

34. For purposes of Plaintiff's claims under 42 U.S.C. § 1983 and 28 U.S.C. § 1346 against the United States, Defendant Jonathan J. Ferris is sued in his *official* capacity.

35. Plaintiff is informed, believes and thereupon avers that Defendant Jonathan J. Ferris in addition to the other named Defendants, is factually and proximately responsible for the damages and injuries alleged herein.

36. Plaintiff is informed, believes, and thereupon alleges that, at all times relevant hereto, Defendant Jonathan J. Ferris was an agent servant, and employee of Defendant United States and/or United States Postal Inspection Services (USPIS) and was acting at all times within the scope of his agency and employment and with the knowledge and consent of his principal and employer.

37. At all times relevant, Defendants Jonathan J. Ferris was acting under color of Federal Law.

**Defendant(s): Immigration Customs and Enforcement (I.C.E.) Agent(s) Denise Gearey, Nicole L. Mooney, and Sharon Dooley**

38. Plaintiff is informed, believes, and thereupon avers that Agents Denise Gearey, Nicole L. Mooney, and Sharon Dooley were agents, servants, and employees of Defendant United States and/or Immigration Customs and Enforcement at all times relevant to this Complaint.

39. Defendants Denise Gearey, Nicole L. Mooney, and Sharon Dooley are sued both in their individual and official capacity.

40. For purposes of Plaintiff's claims under 42 U.S.C. § 1983, Defendants Denise Gearey, Nicole L. Mooney, and Sharon Dooley are sued in their *Individual* capacity. Plaintiff also faults Defendants Denise Gearey, Nicole L. Mooney, and Sharon Dooley for the actions performed in their *official* capacity, these harms are imputed to the United States and need not be re-alleged.

41. For purposes of Plaintiff's claims under 42 U.S.C. § 1983 and 28 U.S.C. § 1346 against the United States, Defendants Denise Gearey, Nicole L. Mooney, and Sharon Dooley are sued in their *official* capacity.

42. Plaintiff is informed, believes and thereupon avers that Defendants Denise Gearey, Nicole L. Mooney, and Sharon Dooley in addition to the other named Defendants, are factually and proximately responsible for the damages and injuries alleged herein.

43. Plaintiff is informed, believes, and thereupon alleges that, at all times relevant hereto, Defendants Denise Gearey, Nicole L. Mooney, and Sharon Dooley were agents servants, and employees of Defendant United States and/or Immigration Customs and Enforcement and were acting at all times within the scope of their agency and employment and with the knowledge and consent of their principal and employer.

44. At all times relevant, Defendants Denise Gearey, Nicole L. Mooney, and Sharon Dooley were acting under color of Federal Law.

8

45. Defendants Immigration Customs and Enforcement (I.C.E.) Agent(s): Denise Gearey, Nicole L. Mooney, and Sharon Dooleys are herein collectively referred to as I.C.E. Agents.

## V. FINDINGS OF FACT AND STIPULATED FACTS

46. Upon information and belief, The United States Secret Services, U.S. Postal Service Inspections Division (USPIS), Internal Revenue Service (IRS), and U.S. Immigration Customs and Enforcement (I.C.E.) are Federal Agencies and instrumentalities of the United States.

47. On or about July 15, 2010, Plaintiff began providing assistance to the United States as a Confidential Informant, by and through The United States Secret Services, U.S. Postal Service Inspections Division (USPIS), Internal Revenue Service (IRS), and U.S. Immigration Customs and Enforcement (I.C.E.).

48. The cooperation that Plaintiff provided was due in part to agreement by the United States through its instrumentalities listed in paragraph 46.

49. The plaintiff avers the Defendant United States, through The United States Secret Services, U.S. Postal Service Inspections Division (USPIS), Internal Revenue Service (IRS), and U.S. Immigration Customs and Enforcement (I.C.E.), did not inform the Plaintiff of the potential for physical injury as a result of Plaintiffs cooperation and assistance as a U.S. Secret Service Employee.

50. Plaintiff avers that several times throughout Plaintiffs assistance to the United States, from 2010 to 2014 plaintiff suffered numerous injuries and attempted assassinations on his life and the lives of his family members.

51. As to the claims in paragraph 50, Plaintiff avers that the injuries were a direct result of the negligence and omissions or actions of The United States Secret Services, U.S. Postal Service Inspections Division (USPIS), Internal Revenue Service (IRS), and U.S. Immigration Customs

and Enforcement (I.C.E.).

52. Plaintiff avers that he would not have provided assistance to the Defendant if there was a possibility of injury to himself or his family. If the Plaintiff was informed of the potential of severe life threatening injuries, plaintiff would not have provided assistance or cooperation with the Defendant as a .

53. Due to the Defendants negligence or failure to inform the Plaintiff of the risks associated with providing substantial assistance as U.S. Secret Service Employee, the plaintiff has suffered physical and mental injuries, and plaintiffs family have also suffered from the same.

54. On or about March 19, 2011 Plaintiff suffered from an attempted assassination on his life due to his cooperation as a U.S. Secret Service Employee. with the Defendant through The United States Secret Services, U.S. Postal Service Inspections Division (USPIS), Internal Revenue Service (IRS), and U.S. Immigration Customs and Enforcement (I.C.E.)

55. As to the claim in Paragraph 54, The plaintiff Avers that due to the Defendant neglecting to inform Plaintiff of the risks associated with providing the Defendant assistance and cooperation, Plaintiff unknowingly, unintelligent, and unwillingly, provided the Defendant with assistance and cooperation through its instrumentalities The United States Secret Services, U.S. Postal Service Inspections Division (USPIS), Internal Revenue Service (IRS), and U.S. Immigration Customs and Enforcement (I.C.E.). As such the Plaintiff sustained brutal injuries.

56. As to the claim in paragraph 54 and 55, the Plaintiff avers that on or about March 19, 2011, Plaintiff was brutally assaulted and sustained a severe laceration to the left dorsal hand. Plaintiff avers this injury was a result of Plaintiff providing assistance to various Government Organizations listed herein, and against several criminal organizations, in Federal court to provide the Defendant with Assistance and Cooperation. Plaintiff was assaulted and the attempted assassination was due to his assistance and cooperation with the Defendant by those

individuals to whom Plaintiff testified against.

57. On or about August 01, 2017, while driving, the plaintiff was shot at several times. The Plaintiff recognized the shooter as being someone from one of the Crime Organizations that Plaintiff testified against for the Defendants benefit.

58. As to the claim in paragraph 57, Plaintiff avers that the criminal Organization that shot at the plaintiff was because of Plaintiff's testimony in Federal Court in benefit of the Defendant. The Defendant negligently omitted the possibility of attempted assassinations.

59. As to the claim in paragraphs 57 and 58, Plaintiff suffered physical injuries and Plaintiffs vehicle was damaged both as a result of the attempted assassination due to the cooperation provided to Defendant.

60. The Plaintiff avers that Plaintiff sustained numerous burns to his chest and under the arms as a result of the Defendants surveillance equipment that the Defendant, by and through The United States Secret Services, U.S. Postal Service Inspections Division (USPIS), Internal Revenue Service (IRS), and U.S. Immigration Customs and Enforcement (I.C.E.), forced the Plaintiff to wear.

61. As to the claim in Paragraph 60, Plaintiff avers that the Defendant negligently omitted the possibility of physical injury and burns to the Plaintiff as a result of wearing the Surveillance equipment for 12 hours a day for 7 days a week for numerous years for the Defendants benefit.

62. As a proximate result of the Defendant's policies, practices, acts, omissions, neglect, and wrongful acts complained of in paragraphs 47 through 61, the Plaintiff has suffered physical injury as well as financial loss due to those injuries.

63. In or about 2011, plaintiff's family Store was bombed and burned to the ground as a result of Plaintiff's Assistance to the Defendant as a U.S. Secret Service Employee Plaintiff avers that the Defendant did not inform him of the possibility of this consequence for providing the Defendant

11

with assistance and cooperation.

64. Plaintiff has suffered a loss due to medical bills as a result of the physically injuries sustained and the mental anguish suffered as a result of the experiences.

65. Plaintiff has suffered Irreparable physical and mental injuries and scaring due to the injuries as stated herein.

66. As to paragraph 63 Plaintiff and his family have suffered significant losses as a result of the Defendants acts, omissions, negligence, injuries caused by he Defendant. Plaintiff avers that He would not have provided the Defendant with the information that caused the attack if he would have known about the possibility of the injuries.

67. Plaintiff avers that the various agencies The United States Secret Services, U.S. Postal Service Inspections Division (USPIS), Internal Revenue Service (IRS), and U.S. Immigration Customs and Enforcement (I.C.E.), did in fact violate the Plaintiffs Right to be free from unreasonable Searches and Seizures by Searching the Plaintiff's vehicle and cell phone without a warrant and tracking Plaintiff through his cell phone without a warrant.

68. Plaintiff avers that he was told by the Defendant, through its agencies The United States Secret Services, U.S. Postal Service Inspections Division (USPIS), Internal Revenue Service (IRS), and U.S. Immigration Customs and Enforcement (I.C.E.), that he would be safe and nothing of the sorts complained f herein would happen or be possible.

69. Upon information and belief, The United States Secret Services, U.S. Postal Service Inspections Division (USPIS), Internal Revenue Service (IRS), and U.S. Immigration Customs and Enforcement (I.C.E.) agreed to reimburse the Plaintiff for all expenses paid during the Plaintiff's assistance and cooperation to the Defendant as a U.S. Secret Service Employee.

70. As to the claim in Paragraph 69, the Plaintiff avers that he did not receive any reimbursement for expenses paid during the course of working for the Defendant.

71. the Plaintiff avers that the Defendant had a duty to protect the plaintiff from injury, the Defendant failed to perform that duty and the Defendant's failure proximately caused the injuries to the plaintiff complained of herein.

72. Plaintiff avers that the Defendant by and through is agencies listed herein, placed the Plaintiff in the CARRP program, which unlawfully delayed adjudication of Plaintiff's applications for Citizenship that Plaintiff submitted to the USCIS. Plaintiff has experienced an extraordinary processing delay, effectively denying Plaintiff the benefit of the Statutory entitlement he seeks.

73. Plaintiff has suffered permanent life threatening illness, mental injury, nightmares and traumatic clinical depression and Post traumatic Stress Disorder as a result of providing assistance to the Government.

74. Plaintiff avers that he will permanently suffer for the rest of his life and depend on psychiatrists, therapy care, social workers, and psychologists due to the injuries complained of herein.

75. Plaintiff Avers that the Government agreed to provide the Plaintiff with an S-Visa under provision S-6 of the USCIS form I-854B, as an alien witness and informant to the agencies listed herein.

76. As to the claim in paragraph 75, Plaintiff avers that the Defendant through its agencies listed herein did not provide the Plaintiff with said S-Visa.

77. Plaintiff is informed, that Special Agent Curt Chapa was employed by the United Secret Service and was the agent, servant, and employee for Defendant at all times relevant to the events in this complaint.

78. Plaintiff is informed, that Special Agent Lawrence Propes was employed by the United Secret Service and was the agent, servant, and employee for Defendant at all times relevant to the events in this complaint.

79. As to the claims in paragraph 77 and 78 Plaintiff is informed that the agents are factually and

United States Government Agents for the damages and injuries alleged herein.

80. As to paragraphs 77 through 79, The plaintiff avers that on or about 04/14/2010 the United States Secret Service agents Curt Chapa and Lawrence Propes did commit a Common law battery against Plaintiff by the excessive use of force when attempting to take the Plaintiff into Custody.

81. As to the claim in paragraph 80 The Plaintiff avers that he was injured when the agents struck the Plaintiff and slammed him to the ground, causing Plaintiffs head to violently bounce off the ground.

82. On or about 06/22/2010, Special agents Curt Chapa and Special agent Lawrence Propes, again used excessive Force against Plaintiff when attempting to place Plaintiff into custody.

83. As to the Claim in Paragraph 82, Plaintiff avers that the Agents did commit battery by slamming Plaintiff to the ground, using excessive restraints against the Plaintiff and again violently bashing Plaintiffs body and head against the wall and Ground, The Agents also placed extreme pressure on the Plaintiffs neck while placing the Plaintiff into custody.

84. Plaintiff avers On or about 06/08/2010 Agents of the Defendant used excessive force in order to restrain the Plaintiff for no justifiable reasoning when the various agencies stated herein came to Plaintiff's store located at 1825 Lowey Ave. Minneapolis MN.

85. As to the claim in paragraph 84, Plaintiff averts that excessive force was used in the form of a choke hold against the Plaintiff, shackling Plaintiff, punching plaintiff in the head, and dragging the Plaintiff on the ground by his feet.

86. As to the Claims in paragraphs 77 through 85, the Plaintiff complains about myriad symptoms which included or continue to include but are not limited to constant migraines, extreme neck stiffness and soreness, insomnia, depression, anxiety, memory loss, and decreased motor skills which are a direct result of the Plaintiffs injuries sustained by the above agents and agencies.

14

87. The course of conduct by the agents and various agencies herein, delineated in the preceding paragraphs, constitutes a conspiracy to deprive aggrieved individuals of their civil rights to appear in court and seek redress for their injuries by the agents. Through its actions, the Agents are conspiring, *inter alia,* "for the purposes of impeding, hindering , obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny [aggrieved] individual the equal protection of the laws." *See* 42 U.S.C. § 1985 (2).

## VI. LEGAL CLAIM AND CAUSES OF ACTION

88. Plaintiff re-alleges and incorporates herein by reference all preceding and all subsequent paragraphs of this Complaint.

89. Defendant's unnecessary and excessive use of force as well as neglecting to inform Plaintiff of potential harm associated with Plaintiffs assistance to the Defendants, violates Plaintiff's Fourteenth Amendment rights to substantive and procedural due process.

90. Defendants unnecessary and excessive use of force and failure to protect the Plaintiff from harm associated with Plaintiff providing assistance to the Defendants resulted in a breach of duty, which constitutes Common law negligence under State and Federal Tort laws. Illustratively, the Defendants breached their statutory duty under Minn. Stat. § 629.32. which states in part "A peace officer making an arrest may not subject the person arrested to any more restraint than is necessary for the arrest and detention."

91. Defendants use of unnecessary and excessive use of force also constitutes negligent infliction of emotional distress.

92. Defendants failure to inform and protect the Plaintiff from harm is a direct breach of duty and constitutes a negligent infliction of emotional and physical distress because Plaintiff has suffered severe emotional and physical trauma as a result of the events stated herein.

93. For plaintiff's legal claims enumerated below, Plaintiff re-alleges and incorporates herein by reference all preceding and all subsequent paragraphs of this Complaint, and further alleges:

## Count I

**Plaintiffs Injuries sustained are a Proximate and direct result of the practices, actions, omissions, negligent and wrongful acts of the Defendant and its officers and employees of its various Federal Agencies**

94. Plaintiff re-alleges and incorporates herein by reference all preceding and all subsequent paragraphs of this Complaint.

95. Defendant has caused the Plaintiff to sustain physical injuries as a result of the neglect, omission, and failure to inform the Defendant of the potential consequences of the Plaintiff providing the Defendant with substantial assistance.

96. Defendant, by subjecting plaintiff to the conditions described herein, individually and in their totality, caused the Plaintiff's direct injuries. Plaintiff would not have suffered such injuries if not for the neglect to inform the Plaintiff of the potential consequences and through the Defendants Agencies and Agents direct excessive force..

## Count II

**Defendant failed to reimburse and/or caused financial loss to the Plaintiff for failing to reimburse the Plaintiff of expenses and medical expenses sustained by the injuries.**

97. Plaintiff re-alleges and incorporates herein by reference all preceding and all subsequent paragraphs of this Complaint.

98. As a result of Defendants neglect and causation of Plaintiffs injury for providing the Defendant with assistance and cooperation, Plaintiff has sustained medical expenses and costs that were not reimbursed by Defendant.

99. Defendant has caused the Plaintiff to sustain physical injuries as a result of the neglect, omission, and failure to inform the Defendant of the potential consequences of the Plaintiff

providing the Defendant with substantial assistance.

100.     Defendant, by subjecting plaintiff to the conditions described herein, individually and in

their totality, caused the Plaintiff's direct injuries. Plaintiff would not have suffered such injuries

if not for the neglect to inform the Plaintiff of the potential consequences.

### Count III

### Defendants violated Plaintiffs Right to Privacy and Right to be free from Unreasonable Searches and Seizures

101.     Plaintiff re-alleges and incorporates herein by reference all preceding and all subsequent

paragraphs of this Complaint.

102.     As a result of Defendants searching Plaintiffs vehicle and phone without a warrant,

Plaintiff did suffer a violation of Rights under the Constitution.

103.     Defendant, by subjecting Plaintiff to the conditions described herein, individually and in

their totality caused the Plaintiffs direct injuries. Plaintiff would not have suffered such injuries

if not for the Defendant's actions or lack thereof.

### Count IV

### Defendant unlawfully delayed adjudication of Plaintiff's applications to U.S. Immigration for Citizenship/Visa

104.     Plaintiff re-alleges and incorporates herein by reference all preceding and all subsequent

paragraphs of this Complaint.

105.     Defendant, by subjecting Plaintiff to the conditions described herein, individually and in

their totality caused the Plaintiffs direct injuries. Plaintiff would not have suffered such injuries

if not for the Defendant's actions or lack thereof.

106.     Defendant by and through its agencies listed herein, placed the Plaintiff in the CARRP

program,which unlawfully delayed adjudication of Plaintiff's applications for Citizenship.

Plaintiff has experienced an extraordinary processing delay, effectively denying Plaintiff the

benefit of the Statutory entitlement he seeks.

## Count V

### Defendants willful Assault and Battery upon Plaintiff

107.     Plaintiff re-alleges and incorporates herein by reference all preceding and all subsequent paragraphs of this Complaint.

108.     Supplemental jurisdiction is proper given that this claim arises from a "common nucleus of operative fact" 28 U.S.C.§ 1367; *Gibbs,* 383 U.S. 725 (1966).

109.     Minnesota law defines the tort of battery "as an intentional unpermitted offensive contact with another." *Paradise v. City of Minneapolis*, *297 N.W. 2D 152, 155 (Minn. 1980)*

110.     Defendants Chapa and Popes and other agencies committed a battery when they forcibly threw Plaintiff to the ground and repeatedly bashed on Plaintiffs head, neck, and shoulders, and drug him on the ground by his feet, when Plaintiff posed as no threat to the Defendants.

111.     Defendants willfully or maliciously apprehended Plaintiff in a manner that violated Plaintiff's Constitutional Rights and which violated the plain language of Minn. Stat. § 629.33 and 629.32. *See generally Soucek v. Banham,* 503 N.W. 2D 153, 160-63 (Minn. Ct. App. 1993)

112.     Because Defendants Chapa and Propes and the other agencies acted intentionally and with reason to believe that using such force without warning or provocation was legally prohibited, they are not entitled to official immunity.

113.     Defendants failed to exercise due care when they brutally attacked and assaulted the Plaintiff while Plaintiff was prone and restrained, the United States is not exempt from liability for the Agent Defendants.

114.     As a direct and proximate result of Defendants actions, Plaintiff suffered serious harm. These harms include but are not limited to: physical injury, financial injury, emotional trauma, loss of access to justice, and pain and suffering.

115.     Thus the Defendants committed an actionable intentional tort under State and Federal

law.

## Count VI

### Defendant's Negligent Infliction of Emotional Distress

116.     Plaintiff re-alleges and incorporates herein by reference all preceding and all subsequent

paragraphs of this Complaint.

117.     Supplemental jurisdiction is proper given that this claim arises from a "common nucleus

of operative fact" 28 U.S.C.§ 1367; *Gibbs,* 383 U.S. 725 (1966).

118.     The Tort of negligent infliction of emotional distress is established when a Plaintiff "is

within a zone of danger of physical impact, reasonably fears for his or her own safety, and

consequently suffers severe emotional distress with resultant physical injury." *Bohdan v. Alltool*

*Mfg., Co.,* 411 N.W. 2D 902, 907 (Minn. Ct. App. 1987)

119.     In neglecting to inform the Plaintiff of the risks associated with performing for the

Defendants, there was a breach of duty by the Defendants and there by as a result the infliction

of physical impact and emotional distress upon the Plaintiff.

120.     In using unreasonable and disproportionate force while Plaintiff was prone with his

hands behind his back, Defendants placed Plaintiff directly in such a "zone of danger". Plaintiff

reasonably feared for his safety as a result of the Agents actions, and he suffers emotional

distress as a result of the incidents stated herein.

121.     Defendants willfully or maliciously apprehended Plaintiff in a manner that violated his

Constitutional rights, which provides an exemption to the "zone of danger" requirement in

establishing negligent infliction of emotional distress. *Bohdan*, 411 N.W. 2D at 902 (citing *State*

*Farm Mut. Auto Ins. Co. v. Village of Isle*, 122 N.W. 2D 36, 41 (Minn. 1963)

122.     As a direct and proximate result of the Agents and Defendant's actions, Plaintiff suffered

serious harm. These harms include but are not limited to extreme emotional distress. As a result of Defendant's actions and the harms that flow from Defendant's actions, Plaintiff is now suffering from depression, anxiety, numerous and constant painful migraines, hand pain, feeling like less of himself from the pain he has suffered that is directly related to the Defendant's actions, omissions, and neglect. Plaintiff constantly feels pain in his hand, neck, back, and head, as well as memory loss. The emotional distress Plaintiff is suffering from is severe, and Plaintiff's distress has attendant physical manifestations.

123.     Thus, Defendants committed an actionable tort of negligent infliction of emotional harm under State and Federal laws.

## VII. PRAYER FOR RELIEF

A) Issue a declaratory judgment that the policies, practices, acts, and omissions complained of herein has been the cause of plaintiff's Injuries and Expenses.

B) For the injuries to Plaintiff, Order the Defendant to authorize and provide the Plaintiff with S-Visa Status under provision S-6 of USCIS form I-854B for Defendants actions negligence, and breach by and through the various agencies and agents listed herein.

C) For the injuries to plaintiff, award general compensatory damages against defendant, in the amount of $29,500.50 per day for each day Plaintiff was employed since the onset of the deprivation stated herein or such damages may be proven at trial and for Plaintiff's loss and violations of Rights, for pain and suffering, and other injuries..

D) For the injuries to plaintiff, award special damages against the defendant, in the amount of $1,000,000 for the attacks on Plaintiffs life and the medical expenses plaintiff suffered..

E) Award plaintiff reasonable attorneys fees and costs of this action.

F) Award Plaintiff Compensatory damages for physical injuries and mental distress suffered, in

the amount reasonable that the court deems to be equitable and just.

G) Retain Jurisdiction over the Plaintiff and order a Stay of the Plaintiffs Removal proceedings from the Immigration Courts.

H) Issue an Order that the Plaintiff remain in the United States and Vacate Plaintiff's deportation/removal from the Immigration Courts.

I) Award such other and further relief as to this Court deems just and proper.

Dated: May 24, 2021                                   Respectfully Submitted,

Okwuchukwu E. Jidoefor

/s/_____

13880 Business Center Drive
Elk River, MN 5533