UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Okwuchukwu Emmanuel Jidoefor, | Case No. 21-CV-1392 (ECT/ECW) |
| Plaintiff, | |
| v. | **ORDER** |
| United States of America, et al., | |
| Defendants. | |
| | |
| Okwuchukwu Emmanuel Jidoefor, | Case No. 21-CV-1405 (ECT/ECW) |
| Plaintiff, | |
| v. | |
| United States of America, et al., | |
| Defendants. | |

Plaintiff Okwuchukwu Emmanuel Jidoefor has filed what appears to be two nearly identical lawsuits against the United States and several agents of the United States. In neither case did Jidoefor pay the filing fee, with him instead applying for *in forma pauperis* ("IFP") status in each matter. Jidoefor's IFP applications are now before the Court and must be addressed before any other action is taken in these matters.

Because Jidoefor is a prisoner, his IFP applications are subject to the requirements of 28 U.S.C. § 1915(b). This statute provides that:

1

> (1) Notwithstanding subsection (a), if a prisoner brings a civil action . . . in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of —
>
>> (A) the average monthly deposits to the prisoner's account; or
>>
>> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint . . . .
>
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.
>
> (3) In no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement of a civil action . . . .
>
> (4) In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.

According to this statute — which is part of the Prison Litigation Reform Act of 1995 ("PLRA") — prisoners who are granted IFP status are *not* excused from paying the court filing fee altogether, as is the case for non-prisoner IFP litigants. Instead, a prisoner who is granted IFP status is merely granted permission to pay the filing fee in installments, rather than paying the entire amount in advance. *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998) ("The purpose of the [PLRA] was to require all prisoner-

litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time."). Section 1915(b)(1) requires prisoner IFP applicants to pay an initial partial filing fee at the outset of the case, and § 1915(b)(2) requires that the remaining balance be paid in installments through regular deductions from the prisoner's trust account.

In neither of the two matters submitted by Jidoefor has he provided information regarding the average deposits to and balance of his jail trust account for the six months preceding the filing of these cases. Without that financial information, the Court cannot calculate the initial partial filing fee owed by Jidoefor in each case. And neither of these two actions will go forward until the required initial partial filing fee has been paid in full for that given case. <u>Accordingly, Jidoefor is ordered to submit, within 20 days of the date of this order, a jail trust-fund account statement or a document otherwise certified by jail officials showing the average monthly deposits to and balance of his jail trust account for the six months prior to the filing of these actions.</u> *See* 28 U.S.C. § 1915(b). Failure to submit the required financial documentation may result in dismissal of this action without prejudice for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

If Jidoefor elects to pursue these actions through payment of the initial partial filing fees, the entirety of the remaining balance of the $350.00 statutory filing fee will have to be paid in later installments in each case.[1] Jail officials will be ordered to deduct

---

[1] The statutory filing fee for new actions commenced in a federal district court is $350.00. 28 U.S.C. § 1914(a). On December 1, 2020, the district courts began to assess an additional $52.00 administrative fee, raising the total fee to $402.00. The PLRA, however, applies only to the statutory filing fee. Thus, Jidoefor will be required to pay

3

funds from Jidoefor's trust account and submit such funds to the Court, as provided by § 1915(b)(2), regardless of whether Jidoefor succeeds in these actions.

Finally, as this Court noted above, these two lawsuits are by all indications duplicative. If Jidoefor elects to proceed in both actions, then he will be required to pay the complete statutory filing fee for each action, including an initial partial filing fee owed at the beginning of each case and the remainder of the $350.00 filing fee owed thereafter. If Jidoefor did *not* intend to file two separate lawsuits, or if he does not wish to incur the filing fee for both of these cases, he may voluntarily dismiss one (or both) of these matters within 20 days, in which case the filing fee will not be assessed for the voluntarily dismissed matter.

SO ORDERED.

Dated: June 24, 2021
*s/Elizabeth Cowan Wright*
ELIZABETH COWAN WRIGHT
United States Magistrate Judge

---

the unpaid balance of the $350.00 statutory filing fee — not the $402.00 total fee — in installments pursuant to § 1915(b)(2).